CAUSE NO. 96-CR-170       39,768 -05

ISMAEL DIAZ,JR    This document contains some §     IN THE CRIMINAL COURTS
          pages that are of poor quality
     Relator,at the time of imaging.      §     OF APPEALS OF TEXAS

V.                                        §     P.O.BOX 12308

ELOY R. GARCIA,District Clerk             §     CAPITOL STATION
                                                AUSTIN,TEXAS 78-11 RECEIVED IN
          Respondent.                     §     COURT OF CRIMINAL APPEALS

RELATOR'S APPLICATION FOR
WRIT OF MANDAMUS                                JAN 06 2015

TO THE HONORABLE CRIMINAL COURT OF APPEALS:              Abel Acosta, Clerk

     COMES NOW Ismael Diaz,Jr, Relator Pro Se in the above-styled and numbe-
red cause of action, and files this Application For Writ of Mandamus pursua-
nt to article 4.04 of the Texas Code of Criminal Procedure, and Texas Rule
of Appellate Procedure Rule 72.1, In support thereof Relator will show the
following:

     Relator Ismael Diaz,Jr, Texas Department of Criminal Justice-Instituti-
onal Division Number 00773609, is an Incarcerated Citizen in the penal inst-
itution can be located at the Jim Ferguson Unit 12120 Savage Drive,Midway,
Texas 75852.

                              I.

1.02
     Relator has exhausted his remedies and has no other adequate remedies
of law, other then to mail His pleadings to the Starr County District Clerk.
1.03
     The act being sought to be compelled by this Honorable Court is one
Ministerial and not Discretionary in nature.

     Texas Goverment Code Sec.51.303 requires Respondent (Eloy R. Garcia)to
file any and all documents submitted to the Office of District Clerk.Clerk
of Starr County had ministerial duty to file both of Relator's Motion For
New Trial Based Upon Newly Discovered Evidence (Tex.C.C.P.art.40.001) and
Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence
where mailed the Eloy R.Garcia on January 2nd,2013,requesting that he file
them both with the Honorable 229th District Court.

     Had such duscoments been filed as requested with the 229th District
Court by Respondent as  require by Texas Goverment Code Sec.51.303 (Duties
and Powers of Clerk), Relator would have received notice from the Honorable
229th District Court informing Him of such filing (s).

pg.1

**2.01**

Respondent Eloy R. Garcia in his capacity as District Clerk of Starr County, Texas has a ministerial duty to receive and file all documents (Pleadings) in a criminal proceeding, and perform all other duties imposed on the District Clerk by law pursuant to Texas Goverment Code Sec.51.303 and Texas Constitution Article I, Sec.19.

As a Clerk, Eloy R. Garcia is an Officer of the Court and is subject to the courts direction and control in exercising **ministerial duties,** such as the filing of documents (Pleadings)and other court proceeding for criminal courts.

Eloy R. Garcia District Clerk may be served at his place of business, Starr County District Clerks' Office at 401 N. Britton Ave. Suite 417. Rio Grande City, Texas 78582.

## III.
## VIOLATION OF TEXAS GOVERMENT CODE
## SECTION 51.303

**3.01**

Respondent violated Texas Goverment Code Section 51.303 by failing to perform his ministerial duty, filing Relator's Motion For New Trial Based Upon Newly Discovered Evidence (T.C.C.P.Art.40.001) and Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidance as prescribed by law.

**3.02**

On January 2nd, 2013, Relator requesteed for the Honorable District Clerk Eloy R. Garcia, to file both motions within the direction and control of the 229th District Court.

**3.04**

To date Relator has received no **notice of filing** from the Respondent regarding Relator's request to file **Motion for New Trial Based Upon Newly Discovered Evidence (T.C.C.P.Art.40.001) or Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence.**

As it is clear from Relator's Exhibits (Corresponding Letter's) that He has place Respondent on **notice** that He (Relator) wishes to have **both** Motion's entertained by the Honorable 229th District Court of Starr County.

## 3.05

Statute governing motion for new trial based upon newly discovered evidence is ambiguous in that the standard of "materiality" varies according to context; so, an examination of extratextual factors is appropriate. [ Vernon's Ann.Tex.Code Crim.Proc.Art.40.001].When considering a motion for new trial based on material evidence, a **Trial Court** must determine whether the **elements** of Texas Code of Criminal Procedure Article 40.001 are **met.** Respondent is in violation of Texas Goverment Code Section 51.303 (Not Filing Pleadings), District Court Clerk Eloy. R. Garcia did **not file Relator's Motion For New Trial Based Upon Newly Discovered Evidence and Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence** with the 229th Court as requested of him January 2nd 2013, for review by said court.

IV.

### PRAYER FOR RELIEF

WHEREFORE PERMISES CONSIDERED, Relator Ismael Diaz,Jr, Pro Se respectfully request a finding that Respondent Eloy R. Garcia did not perform his **ministerial duty** in that he failed to file Relator's Motion's.

Relator Prays for an ORDER direction Respondent to file the **two(2)** motions which were mailed to the District Clerk of Starr County,Texas on January 2nd,2013, for the filing with the 229th District Court for review by the Presiding Judge, the Honorable Ana Lisa Garza.

EXECUTED THIS **29th** DAY
OF DECEMBER,2014.

RESPECTFULLY SUBMITTED

ISMAEL DIAZ,JR,
TDCJ#00773609
Ferguson Unit
12120 Savage Drive
Midway,Texas 75852

pg.3

# UNSWORN TO DECLARATION

Pursuant to both Federal law 28 U.S.C. § 1746 and Texas Civil Practice and

Remedies Code §§ 132.001-132.003, I Ismael Diaz,Jr, an Incarcerated Citizen

of The State of Texas herein swear under penalty of perjury that the foreg-

oing is a **TRUE AND CORRECT** account of events as described herein.

EXECUTED THIS 29th DAY

of DECEMBER 2014.

RESPECTFULLY SUBMITTED

ISMAEL DIAZ, JR
TDCJ³ 00773609
12120 Savage Drive
Midway, Texas 75852

| ISMAEL DIAZ, JR., | § | IN THE CRIMINAL COURT |
|---|---|---|
| Relator, | § | OF APPEALS OF TEXAS |
| V. | § | P.O.BOX 12308 |
| ELOY R. GARCIA, District Clerk | § | CAPITOL STATION |
| Respondent. | § | AUSTIN,TEXAS 78711 |

## ORDER

On this day came to be heard Relator's Application For Writ of Mandamus by this Criminal Court of Appeals.

The Court having reviewed same and haveing heard the arguments and being provided with the exhibits , it is: THE DECISION OF THIS COURT THAT SUCH SHALL BE BY ALL MEANS:

GRANTED: _____          DENIED: _____

---

**PRESIDING JUDGE**

**ANA LISA GARZA**

EXECUTED THIS _____DAY

OF _____,201_.

RESPECTFULLY SUBMITTED

ISMAEL DIAZ, JR
TDCJ#00773609
FERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852
PRO SE#773609

# INTRODUCTION

This is an Application for a Writ of Mandamus being filed by Ismael Diaz,Jr, in the Texas Court of Criminal Appeals pursuant to Texas Code of Criminal Procedure Artical 4.04.

Relator would like to point out to this Honorable Court that He is confined within the Texas Department of Criminal Justice-Institutional Division, Housed at the Jim Ferguson Unit 12120 Savage Drive,Midway,Texas 75852 Being that Relator is a "PRO SE LITIGANT", He respectfully request that this Honorable Court of Appeals does not hold Pro Se Relator to the High Standard to which learned counsel's would be held to perform.

EXECUTED THIS 29th DAY
OF DECEMBER,2014.

respectfully submitted

ISMAEL DIAZ,JR
TDCJ#00773609
FERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852

pg.I.

CAUSE NO. 96-CR-170

ISMAEL DIAZ,JR., § IN THE CRIMINAL COURTS

     Relator, § OF APPEALS OF TEXAS

V. § P.O.BOX 12308

ELOY R. GARCIA,District Clerk., § CAPITOL STATION

     Respondent. § AUSTIN,TEXAS 78711

## MEMORANDUM OF LAW

On January 2nd,2013, Relator mailed to the District Clerk (Respondent) in care of Eloy R.Garcia (1) **Motion For New Trial Based Upon Newly Discovered Evidence (T.C.C.P.Art.40.001)** and **(2) Motion Requesting An Incamera Inspection (Oral) For Brady Material Evidence** in cause No.96-CR-170,The State of Texas Vs, Ismael Diaz,Jr for filing with the 229th District Court.

Respondent is in violation of Relator's Constitutional Rights, and Procedural Rights guaranteed under both the United States Constitution and Texas Constitution, Fourteenth (14) Amendment of the U.S. Constitution and Article I, Sec.19 Due Course of law Texas Constitution.

Relator hereby assert's that the Starr County District Clerk, Eloy R. Garcia, in his failure to file Relator's two (2) motions with the 229th District Court has deprived Him of his basic and fundamental rights to collateral attack, and due course of law under Article § 19 Texas Constitution and due process of law under U.S. Constitution 14th Amendment [See Gibson V. Dallas County District Clerk,275 s.w.3d 491(Tex.Crim.App.2009)].

Relator seeks a writ of mandamus ORDER to issue compelling the Starr County District Clerk to comply with **Texas Goverment Code Sec.51.303**, and to full fill his **ministerial duties**,See 271 s.w.3d 874, which states "The district court clerk has a ministerial duty to accept and file all pleadings presented for filing. The Starr County District Clerk is abusing his authority by **refusing to file Relator's Motion.**

## "MINISTERIAL DUTY"

Statute governing motions for new trial based upon newly discovered evidence is ambiguous in that the standard of "materiality" varies according to context; so, an examination of extratextual factors is appropriate. Vernon's Ann.Texas C.C.P.ARt.40.001. District Clerks have a ministerial dutyto accept and file all pleadings presented )Motion For New Trial Based Upon Newly Discovered Evidence--Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence) for filing [271 s.w.3d 874].Clerk is officer of Court, subject to Court's direction and control in exercising ministerial duties such as filing pleadings.

When considering a motion for new trial based on material evidence, a **trial court** <u>must</u> determine whether the **elements** of Texas Code of Criminal Procedure Article **40.001**, are met [Keeter V. State, 74 s.w.3d 31].

Texas District Clerk's must ensure compliance with Statute dealing with actions to be taken on pleading presented to their care for filing with requested District Court's for criminal proceedings.

Relator is indigent and appearing Pro Se and has no other legal remedies than to seek this Court's jurisdiction to act.

## RELIEF REQUESTED

Relator respectfully request issuance of a Writ of Mandamus be rendered from this Honorable Court within a reasonable time period for the Respondent to produce just cause as to why he is violating Relator's fundamental right of filing a pleading with the 229th District Court as well as produce the Courts Request that Relator file Texas Code of Criminal Procedure Art. 11.07 foe Newly Discovered Evidence.

**EXECUTED THIS 29th DAY OF DECEMBER, 2014.**

RESPECTFULLY SUBMITTED

ISMAEL DIAZ, JR.
TDCJ#00773609
Jim Ferguson Unit
12120 Savage Drive
Midway, Texas 75852
"Pro Se#00773609"

pg.2

CAUSE NO. 96-CR-170

| ISMAEL DIAZ,JR., | § | IN THE CRIMINAL COURTS |
| Relator, | § | OF APPEALS OF TEXAS |
| V. | § | P.O.BOX 12308 |
| ELOY R. GARCIA,District Clerk | § | CAPITOL STATION |
| Respondent. | § | AUSTIN, TEXAS 78711 |

## UNSWORN TO DECLARATION

| IN THE STATE OF TEXAS | § |
| COUNTY OF MADISON | § |

" I Ismael Diaz,Jr, am the Relator filing Writ of Mandamus with the Criminal Courts of Appeals of Texas In Austin, requesting for an Issuance/ Order compelling Respondent Starr County District Clerk Eloy R. Garcia to perform his **ministerial duty** and file Relator's Motion For New Trial Based Upon Newly Discovered Evidence (T.C.C.P.Art.40.001) and Motion Requesting An Inspection (Oral)For Brady Material Evidence [**United States V. Lowder** , **148 F. 3rd 548,551(5th Cir.1998)**].

Under penalty of perjury, I Ismael Diaz,Jr, (Relator) swear that the foregoing account is **TRUE and CORRECT**.

EXECUTED THIS 29th DAY
OF DECEMBER,2014.

RESPECTFULLY SUBMITTED

ISMAEL DIAZ,JR
TDCJ#00773609
JIM FERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852
"Pro Se#00773609"

pg.3

CAUSE NO. 96-CR-170

| | | |
|---|---|---|
| ISMAEL DIAZ,JR., | § | IN THE CRIMINAL COURT |
| Relator, | § | OF APPEALS OF TEXAS |
| V. | § | P.O.BOX 12308 |
| ELOY R. GARCIA,District Clerk., | § | CAPITOL STATION |
| Respondent. | § | AUSTIN, TEXAS 78711 |

## RELATOR'S "PRO SE" MOTION FOR
## LEAVE TO FILE WRIT OF MANDAMUS

TO THE HONORABLE CRIMINAL COURT OF APPEALS:

COMES NOW Ismael Diaz,Jr, Relator in the above-titled and numbered cause who while appearing Pro Se and acting on his own behalf in the filing and submitting of this Motion For Leave To File Of Mandamus pursuant to the Texas Rules Of Appellate Procedure Rule 72.1 and the Texas Code of Criminal Procedure Article 4.04,and in support of such request herein will show this Honorable Court the following:

I.

Pursuant to Texas Rule Of Appellate Procedure Rule 72.1 "A Motion For Leave To File must accompany an Application Motion For Writ of Mandamus.

II.

Relator seeks an order granting his writ of mandamus to compell Eloy R. Garcia Starr County District Clerk to perform His **ministerial duty** and file Relator's Motion For New Trial Based Upon Newly Discovered Evidence (Tex.c.c. p.Art.40.001) and Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence which Relator mailed on Jan 2nd,2013,via pre-pay with certification mail receipt 7010 3090 0002 9154 3903 addressed to Eloy R.Garcia 401 N.Britton Ave. Starr County Courthouse,Room 302.Rio Grande City,Texas 78582.With the Honorable 229th District Court,Starr County,Texas .

III.

### PRAYER FOR RELIEF

WHEREFORE PERMISES CONSIDERED,Relator Pray that this Honorable Court in the best interest of Justice GRANT the requested Issuance of Writ Of Mandamus.


**EXECUTED THIS 29th DAY**
**OF DECEMBER 2014.**

RESPECTFULLY SUBMITTED
ISMAEL DIAZ,JR
TEDCJ#00773609
JIMFERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852
"PRO SE#00773609"

Pg.1

## CERTIFICATE OF SERVICE

This is to both verify and certify that a complete copy of the foregoing instrument has been mailed to the Texas Court of Criminal Appeals by pre-paid postige. Relator has addressed said packagee to the Honorable Clerk:

LOUISE PEARSON
P.O.BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

EXECUTED THIS 29th DAY
OF DECEMBER,2014.

RESPECTFULLY SUBMITTED

ISMAEL DIAZ,JR
TDCJ#00773609
JIM FERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852
"PRO SE#00773609"

Pg.2

For STARR County District 229th Court
MR. D.A. Omar
401 W. Britton Ave
CourtHouse 229th
Rio Grande City, 78581

ISMAEL DIAZ, Jr #773604
Ferguson Unit
12120 Savage Dr.
Midway, TX 75852
April 2 2013,

[EXHIBIT B]

Re: Status of my Art 44.001, cause 96-CR-120

Hon: D.A:

I am Sorry I am Coming to you, I have writ two (2) letters Clerk Garcia. requesting his assistance of which the status to my cause if a New A was giving Please forward it to me So I know were to go from there. I Send you all another motion March 11, 2013. I recieved it back 3-29-13. writer down was Informed my writ Envelop was Refused from the District Clerk Garcia, refused to take Petitioners mail. mr. D.A it is a violation under the United States of America Const. First Amend: Deprived Petitioning to the Government; 2) Eighth Amend. Deny of legal activities; 3). Fourteenth amend. Recklesiness.

04-02-13. I was with mailroom Staff ms Cruz. I told her I don't know wish is playing this Game. my clerk just got Disciplicated I was told Next time he tempers with legal mail will get to years or more. So I know he is not doing this. She toke the writ Envelop. Please mr. D.A. I need to know what you signed Documents to her Back warrnet if you did it; If I will go down for the spective of Comptran under Brady material (?) If not so I take a next step!

Sir. I realy Need you alls help. this N.P. Wanda Jean Isbell have Comited a Crime tempers with Evidence, as I am so ill I handle sleep See Modle Penal code §§ 224.4: 241.8: 18 USC2A § 1365 A.(3).. A(3)(A)(D)(D) 2, A.(4)(B)(C)(D)(E)A(3). mr Omar; If you hace yet

...have ruled in my motion Art 40.001. Pleas dont hositate to

answere Applicants request. I am sick and if you all dont help me wanda Jean Isbell will not. I stay mouth sick — I cant request to see a Provider, Because they will not allowed me see no bady ells Just her. And She is not helpin me all she will do turid me dow.

Heriberto Silva, help me Brother whaldo, he moued him from one Unit to another unit. Please Estelle Unit is A Reguler Unit its a maximun Security like the unit I need to be at and they have Specialist there. they do have m.d.s and a Hospital is attached to that unit whare offenders gos to see there Providers. Sir One this unit its for 29 and under. nothin but Yungsters I Should ber here. me ib 40 and up

Will You Please moue me to this other unit. that whar I belive willl get a proper medical care there. But me Belive Now Its Because I Broth this to the Court. So Purhapps will not do munch difrents But will Bee brothes this with wanda Jean Isbell.

OR if You Brings me down. If I got or have to pay for the maishils to tech me to the Hospital I ll do it. Sir this ty to Painfull its deprivation of sleep. which Its Consti Amend Vill violation.

thank you for you assistance in Advance

Executed this day 2nd day of Apr. 1 2013.. Vis. pre-pay you

Ismael Diaz Jr. 77609
Fe unit / Giligan Island
12120 Savage Dr.
midway Tx 75852

(Exh C)

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Ansey Reyes
☐ Agent
☐ Addressee

B. Received by ( Printed Name)

C. Date of Delivery
1/2/13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

(Exh C)

1. Article Addressed to:

ELOY R. GARCIA,
DISTRICT CLERK
401 N. BRITTON AVE.,
Rio Grande City, Tx 78582

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐                              andise

2. Article Numb
(Transfer from service label)

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

(Exh C)

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 In this box •

Mr. ISMAEL DIAz Jr # 773609
(FE)
12120 Savage Drive
Midway, TX 78582

December 25th 2012

7010 3090 0002 9154 3903

Eloy R. Rarcia.,
District Clerk.
401 N. Britton Ave.,
Rio Grande,City, Texas 78582

*Exhibit A*

UNDER NEWLY DISCOVER EVIDENCE CAUSE NO. 96-CR=170.

Dear Mr. Garcia;

Enclosed please fine Applicant's Motion for Article 40.001 of the Texas Code Criminal Procedure provides that [a[ "NEW TRIAL be granted: And Motion Requesting An InCamera Inspection (ORAL) for **Brady** Material Evidence. Please filed with the 229th Judicial District Court.

Sincerely

Ismael Díaz,Jr.,
TDCJ No.773609
Ferguson Unit
12120 Savage Drive
Midway,Texas 75852

C.C.
Hon;Judge;Ana Garza.L.,
229th Judicial District Court.

The Moniter C/O Ana Lay.

Exh - A

ISMAEL DIAZ,JR.,                           §

                                           §          IN THE 229th JUDICIAL

V.                                         §          DISTRICT COURT OF

                                           §          STARR COUNTY TEXAS

THE STATE OF TEXAS                         §


### APPLICANT'S MOTION FOR NEW TRIAL BASE ON
### <u>NEWLY DISCOVERED EVIDENCE INTRODUCTION</u>


TO THE HONORABLE JUDGE: ANA GARZA.L:,

    ISMAEL DIAZ,JR., APPLICANT, introduction, Motion for new trial based upon newly discovered evidence are **Controlled** by Article 40.001 which provides: A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial". Applicant's has taken the position taken in the dissent that due to the Language of Art 40.001 credibility is not as issue, and that all victim recantation require a new trial.


### I.


    Applicant alleged fact which if true, entitle him to his **Motion's** Relief. SEE  Keeter V. State 74 S.W.3d 31,36-37 (Tex Cri.App 2002).


                                        Respectfully sbmitted,

                                        Ismael Diaz,Jr.,
                                        TDCJ No. 773609
                                        Ferguson Unit
                                        12120 Savage Drive
                                        Midway,Texas 75852
                                        Applicant's Pro-se

26

CAUSE NO. 96-CR-170                    Exh B

THE STATE OF TEXAS.,                §
          Plaintiff.,              §       IN THE 229th JUDICIAL
                                   §       DISTRICT COURT OF
V.                                 §       STARR COUNTY, TEXAS
                                   §
ISMAEL DIAZ, JR.,                  §
          Defendant.               §

## MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

### INTRODUCTION

ARTICLE 40.001 of the Texas Code of Criminal Procedure Provides
that a "new trial" shall be granted an Accused where material evidence
Favorable to the Accused has been discovered since trial. Under this
statute a defendant is entitled to a new trial if the newly discovered
evidence was unknown to his at the time of trial; his failure to
discover the new evidence was not merely cumulative; corroborative;
collateral or impeaching; the new evidence is probably true and will
probably bring about a different result in a new trial SEE: Keeter V.
State, 74 S.W 3d 31,36-37 (Tex. Crim.App 2002).

### I.

There was no evidence by anyone but accomplice witnesses tending
to connect the Defendant to the Capital Murder charge. To the Contrary
the only witness tending to do so was Gerardo "Jerry" Lopez, an
accomplice as a matter of law. On the basis of Art 40.001 in the Code
of Criminal Procedures, this Hon: Court should grant a new trial under
recent. U.S.C.A. Const.Amend.14.

1

## II.

Affter trial, Defendant discovered that co-defendant Gerardo "Jerry" Lopez, an accompice did Confess His Crime to [F.B.I agents and Texas Ranger Pacheco, and Investigator Flores], and was indicted on Capital Murder Charges. The D.A., Silva's., Plaintiff, in this cause, kept manupulating Gerardo "Jerry" Lopez, to put all blame on Ismael Diaz,Jr., for the death of Jessie Ray Warren. D.A's threats kept going if Lopez's did not testify against Defendant, he will give co-defendant the Death Penalty. Mr.Heriberto Silva's had also used Jose Luis Ramos, co-defendant's court appointed counsel, to inform Lopez's his lif was in danger, if he do not testify against Ismael Diaz,Jr., saying that it was Ismael Diaz,Jr., the one responsible for Jessie Ray Warren death. Mr.Silva's kept his threats and promises, [gave co-defendant, a 30 year sentence for exchanging Lopez's Confession to give a inculpaed testimony, and D.A. would not seek the Death Penalty on co-defendant's]. Inculpaeting Applicant's Ismael Diaz,Jr., for a crime he did not commit in Starr County, Texas. Appellant Contends, his Confession were involuntary in the Fifth Amendment sense. Under the Fifth Amendment, a confession must be free and voluntary, that is, it must not be extracted by any sort of threat or violence, nor abtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. SEE: Criminal law 520(1),522(1). Improper influence U.S.C.A. Const Amend.5. An example of this wrong doing is set forth in Exhibit "A" recantation and "B" of D.A.'s., plea bargain attached hereto and fully incorporated herein as if set out fully at length.

## III.

In early July, August A.D.2009, Applicant, recieved a letter from a

2

STATE OF TEXAS                    §
COUNTY OF CORYELL                 §

Exhibit "A"

# AFFIDAVIT

"My name is Gerardo Lopez. I am over eighteen years of age, capable of making this affidavit, and personally acquainted with the facts herein stated:

"Pursuant to a plea bargain agreement, I pled guilty to the murder of Jessie Warren. As required under the terms of the plea agreement, I testified as a witness for the State in Cause No. 96-CR-170, styled the State of Texas vs. Ismael Diaz, Jr. I have falsely testified that Ismael Diaz Jr., instructed me and Raul Soto to shoot and kill Jessie Warren, and that he further instructed us to buy some gasoline and burn Mr. Warren's body.

"Because of my religious conversion, I do not believe that Ismael Diaz, Jr., should be incarcerated for a crime that I am solely responsible. I was the person who killed Jessie Warren. I did it on my own free will."

"I Gerardo Lopez, being presently incarcerated in Gatesville in Coryell County, Texas, declare under penalty of perjury that the foregoing is true and correct."

Executed on the 28th day of September, 2009.

_Gerardo Lopez_
Gerardo Lopez
Affiant

3

A promise

Exhibit "B"

sentence because of his cooperation in the first trial. He initially received a grant of immunity in all cases, but he reneged after the first trial (in which Ismael Diaz was convicted of capital murder and received a life sentence). He absconded and left the country, causing the initial deal to be rescinded."

Trevino continued, "His earlier cooperation was taken into consideration. The deal was rescinded in 1997; he was indicted for all the crimes in 1998."

Saenz was arrested by U.S. Border Patrol agents in Starr County on Nov. 4, 2004. He was then turned over to the custody of the Sheriff's Department.

The prosecutor indicated, "He will be eligible for parole in late 2014. He got credit for time already served. That doesn't mean he will be paroled at that time."

"My understanding is that he (Saenz) was a broker or owner of the marijuana," explained Trevino. "To this day we don't know who stole the 1300 pounds of marijuana."

Ismael Diaz was convicted by a Starr County jury of capital murder in January 1997 in connection with Warren's slaying and received an automatic life sentence. A capital murder conviction in Texas brings an automatic life sentence when the death penalty is not sought.

Ubaldo Diaz II pleaded guilty in May 1997 to aggravated kidnapping in another episode and was sentenced to 20 years in prison. Gerardo Lopez pleaded guilty in October 1996 to a lesser charge of murder in the Warren slaying and received a 30-year sentence. Both Ubaldo Diaz and Lopez were originally charged with capital murder.

Raul Soto Jr. pleaded guilty to a lesser charge of murder and received a 25-year sentence.

On Dec. 2, 2005, Ricardo Aguilar Ramos was convicted of capital murder in the Warren slaying by a 381st District Court jury and received an automatic life sentence.

A seventh man, Salome Sanchez, stood trial in early 1999 on capital murder and aggravated kidnapping charges, but he was acquitted by a Starr County jury.

Testimony in the Ismael Diaz

trial in January 1997 revealed that Warren, after sustaining a bullet wound to the leg during his abduction, was killed by a shotgun blast in a remote area just east of Rio Grande City later that same evening.

The FBI and Texas Rangers assisted the Sheriff's Department in the investigation of Warren's abduction and murder.

(See SENTENCE, Page 6)

Feb 24, 06

reporter from "THE MONITOR", Reporyer's name is Ana Ley, Informing Applicant's that co-defendant have recant. Had wrot (HER) a letter requesting the Monitor's assistance in his confession. That Gerardo Lopez, had a heavy burden and wanted to confess the truth. That Gerardo Lopez, became a new born Christion, now he fels his wrong doing just to save his life by lieing against (you), and Roul Soto another co-defendanr in this cause. Gerardo "Jerry" Lopez, Conversion as a Jesus Follower have layed a heavy burden in Gerardo Lopez, in my understanding have used numerous of channels around this Global Media to his confessed crim. On the 5th day of November A.D. 2009, Gerardo Lopez, recants' was out to the whole Valley, throughout "THE MONITOR" Global Media, confessing his crime, in Rio Grande Valley, Gerardo Lopez, send a long affidavit with his confession to Mr.Greg Abbott, Attorney General. Price Dabiel Sr. Bldg. 209 W. 14th St. P.O.Box 12548. Austing, Texas 78711-2548. Confessing how the D.A. did manipulate Lopez's and under perjury. There are clearer evidence where D.A. Heriberto Silva's gave witnes a non-credible story about how Gerardo "Jerry" Lopez, should testify befor the jury under "perjury", to accuse Applicant's of a extraneus murder. A conviction that results from a Constitutional error-free trial is entitled to the greatest, and thus, when a habeas Applicant's asserts Article 40.001 in the Texas Code of Criminal Procedure Claim of innocence based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the Applicant's innocence; once the Applicant's provides such evidence, it is then appropriate to proceed with a determination of whether Applicant's can prove by clear and convicing evidence that no reasonable jurors would have convicted Applicant's in light of the newly discovered evicence is admissible.An example of such wronfully conviction under 5th and 8th and 14th Amendment's is set forth in Exhibit "C" and "D" attached hereto and fully incorporated herein as if set out fully at length.

EXHibiT (C)

# 'I WAS AFRAID'

**GERARDO LOPEZ**
Hometown: Rio Grande City
Date of birth: June 24, 1973
(Currently 36 years old)
Sentence: 32 years in prison, 13 years served
Charged with: Murder, aggravated assault

**ISMAEL DIAZ**
Hometown: Rio Grande City
Date of birth: Feb. 3, 1966
(Currently 43 years old)
Sentence: Life in prison, 13 years served
Charged with: Capital murder

## >> INMATE SEEKS TO CLEAR MAN'S NAME

**BY ANA LEY**
ALEY@THEMONITOR.COM

The murder confession is laced with biblical references, penned by a prison inmate who says he just wants to make things right.

Written more than a decade after the crime, it carefully lists the sordid details surrounding the night of Jessie Ray Warren's shooting death.

"You know it is not from one day to the next that one comes to the Lord," Gerardo Lopez wrote. "I saw that something had to be done and I kept praying for an answer."

In his letters, sent from a prison cell in Gatesville — about 35 miles west of Waco — Lopez

See **LETTER | 7A**



**ONLINE ONLY:**
Read a copy of the letter on our Web site.
WWW.THE MONITOR .COM

# LETTER

From Page 1A

attempts to clear Ismael Diaz of the crime. Diaz is currently serving a life sentence for capital murder.

The kidnapping-turned-murder was the result of a drug deal gone awry in February 1996. Diaz was found guilty of orchestrating Warren's death, and Lopez — the man who pulled the trigger — was sentenced to 32 years in prison for murder and aggravated assault.

But in his letters written to the Diaz family and in affidavits sent to state prosecutors, Lopez says he killed Warren on an impulse, noting that Diaz did not instruct him to shoot.

"I've done a lot of wrong in my life," Lopez wrote. "I wanted for once to make something right."

## THE MURDER

Several days before Warren's death, a load of marijuana was taken from Diaz's ranch, Lopez recounted in his correspondence.

A group of four men including Lopez, Diaz and his brother, Ubaldo Diaz, were taken across the Rio Grande to Camargo by fellow drug smugglers. Lopez said Mexican drug lords there questioned the men about the missing load, eventually beating them and threatening their families' safety.

Frantic to bring the drug bosses a culprit for the theft, the group targeted Warren — it remains unclear whether he actually stole the drugs. They met at Diaz's house and plotted the kidnapping of several people in Rio Grande City, including Warren's.

Warren was living at 2 1/2 Mile North on Airport Road. The night of his kidnapping, neighbors told Starr County sheriff's deputies, they heard a man yelling, "I am going to kill you, Jessie."

Lopez said Diaz eventually ordered the others to set the man free after driving him along several back roads. Warren was already suffering severe gunshot wounds he sustained during the kidnapping.

"That's when me and Raul (Soto, another convicted kidnapper,) dragged Jessie into the brushes and that's where I (shot) Jessie," Lopez wrote. "Ismael (Diaz) had no knowledge of what had taken place until we met him and his wife later ... he got mad at us, well, really at me for what I had done."

Lopez wrote that Warren begged the men to kill him, likely because he was in pain from his injuries.

"I only did what ... Jessie asked me to do," Lopez wrote.

## THE PROSECUTION

In the days following the murder, many of the men hid from the authorities. Several were eventually caught, including Lopez and the Diaz brothers.

Lopez wrote that he lied to police about the crime to save himself from a life sentence or death row.

"I was afraid," he wrote.

Most of the men involved in the kidnapping have been prosecuted. Some, like Ismael Diaz, are facing life sentences.

Starr County District Attorney Heriberto Silva, who prosecuted the case, said several key witnesses and physical evidence were used to find Ismael Diaz guilty of the crime. Lopez's claim that Ismael Diaz is innocent of participating in the man's death would likely not absolve him of a capital murder charge, Silva added.

Texas' law of parties allows for someone to be charged with capital murder for playing an indirect role in a slaying, effectively holding the person just as accountable as those who actually committed the murder.

"(Warren) could have been killed at the house just like he was afterward," Silva said. "There was voluntary participation from (Ismael Diaz) if you look at the totality of the situation."

In recent years, Silva has also received letters from Lopez that tell of his newfound devotion to God and his desire to help the Diaz family. He has even expressed interest in apologizing to the Warren family for taking the man's life.

"Gerardo (Lopez) has gone back and forth telling different things depending on what he wants to accomplish," Silva said. "I don't put any credence to what he has to say."

Silva said the smugglers likely targeted Warren out of confusion.

"It didn't make a difference" if Warren actually stole the drugs, Silva said. "These guys just needed a body to show the Mexicans they were active in looking for their man."

Silva remains dubious of Lopez's recent attempts to help Ismael Diaz.

"These people are not the type to get involved with in any way," the prosecutor said. "(Lopez) is not credible."

## THE CONFESSION

The affidavits from Lopez are short and blunt:

"I am the person who shot and killed Jessie Ray Warren."

About five years after the crime, Lopez encountered Ismael Diaz's brother Ubaldo at the state's Neal Unit in Amarillo. The men began to correspond, and Ubaldo Diaz eventually convinced Lopez to help his

brother receive a lighter sentence.

"A letter I received by Ubaldo really moved me," Lopez wrote. "He said: 'Let's make peace between us for our mothers.'"

Lopez recalled a revelatory dream that further convinced him to help the Diaz family.

"That's when I wrote Ubaldo and asked him to do all he could to get Ismael back in court, that I would do all I can to help and say the truth," Lopez wrote. "I got nothing to lose, anyways."

After 13 years in the penal system, Lopez said he would rather face harsher punishment for the crime than see Ismael Diaz continue serving a life sentence for orchestrating Warren's death.

"I wish I had done something a long time ago, but like I mentioned earlier, I was not ready to let the Lord into my life," Lopez wrote. "Too much pride."

For years, Ismael Diaz longed for Lopez's confession.

"The time I dedicated asking for this miracle," Ismael Diaz wrote in Spanish in a letter sent from his cell in Beeville, about 55 miles north of Corpus Christi. "My Lord was planting in my heart a true love toward Gerardo (Lopez)."

Ismael Diaz and Lopez exchange letters in which they devise ways to appeal the former's case.

"I know that my Brother Gerardo is ready not only to say the truth, but to give his life for me," Ismael Diaz wrote. "No one has a greater love than this."

## 'THEY HAVE TO PAY'

Maricruz Cantu stores stacks of legal documents and photocopies of literature her brother Ismael Diaz sends her from prison. Most of it she cannot read or understand because it is written in English — often

in complicated legal jargon.

"He sends me things to hold for him — similar cases he's studied, documents from his own case," the woman said in Spanish as she sifted through the piles in her Rio Grande City home. "I just keep everything."

She visits her brother regularly, writes him letters and speaks to him on the phone as often as he is allowed.

She hopes one day they will meet again outside a prison visiting room.

"In the Bible, in the word of God, (Lopez) knows that what he did to my brother is not right," Cantu said. "I don't doubt what he is saying now" is sincere.

But Lopez's family, who turned him in to authorities after the murder, remains skeptical about his attempts to help a fellow prisoner.

"I still miss him. I still cry for him," his sister Vanessa Lopez said. "But it doesn't matter what we think or what we say — what matters is the mother of Jessie. She's the one without her son. She's the one that's suffering."

Efforts to reach the Warren family were unsuccessful.

"I try not to remember a lot," Vanessa Lopez added. "He's my brother and I love him, and I'd rather not think of him that way. I'd rather not know what happened."

The family has hesitated to encourage him in his effort to help Ismael Diaz, she said, since "nobody has helped" her brother.

"I don't want to get into this," Ismael Lopez's brother Javier Garcia said during a brief telephone call. "What can I say? They're in there and that's it. They have to pay."

---

Ana Ley covers law enforcement and general assignments for *The Monitor.* She can be reached at (956) 683-4428.

Greg Abbott
Attorney General
Price Daniel, Sr. Bldg.
209 W. 14th St.
P.O. Box 12548
Austin, Tx. 78711-2548

Exhibit "D"

RE. Affidavit

Dear Attorney General,

   I am Gerardo Lopez, T.D.C. No. 779146. I am presently incarcerated at the Alfred D. Hughes Unit, Gatesville, Texas, Coryell County. I am freely and voluntaryly, without fear and or any promises given to me, and of sound mind and capable of making this affidavit. This is a true and correct statement.

1. On March of 1996, I was picked up and questioned by F.B.I. agents and Texas Ranger's on Kidnapping charges. I was then indicted on Capital Murder. I was manipulated and also under alot of duress from the District Attorney Silva, Heriberto Silva, had me threaten that if I did not testify against Ismael Diaz, Jr., that he would see to it that I would spend the rest of my life in prison. He wanted me to testify against Ismael Diaz, Jr., for a crime that He did not commit in Starr County Texas.

2. I Gerardo Lopez was coerce by the D.A. Mr. Heriberto Silva to put all blame on Ismael Diaz, Jr., for the death of Jessie Ray Warren. But now I want to clear my consious for my wrong decision of not coming with the truth.

1 of 6

8

3. When I got arrested I was being told that Ismael Diaz. Jr., and Ubaldo Diaz had said that I was responsible for Jessie Warren's death. I know now, that it was so that I would blame the Diaz Brother's. When I made my statement to Texas Ranger (Pacheco) I was scared and in fear for my life and that of my family. Because I had been taken to Mexico by Juan Saenz. Juan Saenz and his people had us all threaten.

4. I didn't want to tell the truth at first for they Juan Saenz and "El Barbon", now known as Ricardo Aguilar Ramos were still out there, and since they had beaten us and had us all threaten, as well for our families. That's why I didn't want to mention them, I was affraid they would go to my family. That's why I said that it was all between us, and that it had been Raul Soto who had killed Jessie Warren. This I had said only not to mention "El Barbon", now known as Ricardo Ramos.

5. Ismael Diaz, Jr., and Raul Soto had nothing to do with the death of Jessie Ray Warren. As I had stated on my statement to Texas Ranger Pacheco, that it was Soto who had killed Jessie Warren. I want to clear my conscious of the wrong I have done towards Raul Soto and Ismael Diaz. Jr.

6. The day of the kidnapping Ismael Diaz, Jr., and Raul Soto and myself were going to let Jessie Warren go. But Juan Saenz and Ricardo Ramos, wanted Jessie Warren at the river. We [Ismael Diaz, Raul Soto and Myself], did not take Jessie Warren to the river, because we were going to let him go. Juan Saenz and Ricardo Ramos called Ismael Diaz, Jr., celluler phone and said that we better not let Jessie Warren go.

9

7. After we arrived at Ismael Diaz, Jr's. house we were then supposed to take Jessie Warren, to Ricardo Ramos at the river. Raul Soto and me took Jessie Warren, while Ismael Diaz, Jr., was looking for his family, for Ismael had been calling his house after we left Jessie Warren's house with Jessie Warren, and was scared they had already abducted his family or hurt them in some way.

8. While we were going in Ismael Diaz, Jr., son's truck, Raul Soto driving, I was in the back with Jessie Warren there was no plan or intent by Raul Soto and Ismael Diaz, Jr., nor Ricardo Ramos to kill Jessie Warren. Ricardo Ramos and Ismael Diaz, Jr., did not want Jessie Warren killed because Ricardo Ramos believed that Jessie Warren had stolen his drugs or knew where they were. And the purpose for abducting Jessie Warren at his home was to take him to the river and compel him to give the where abouts of the drugs and this could not be accomplished by killing him, or else he would have been killed at his home.

9. As Raul Soto was driving the truck thru the back roads, as stated on my statement, some how Jessie Warren got loose and came towards me, that's when the shotgun I had went off and it end up hitting Jessie Warren. I believe that's why Raul Soto stopped the truck, as he heard the gunshot. I don't know where I had hit Jessie Warren because it was to dark. This conferms the autopsy report by Ruben C. Santos M.D. Forensic Pathologists of a "close range" shotgun wound. As we lowered Jessie Warren from the truck he (Jessei Warren) spoke and said "Ya Matame, Matame Por Favor," [Already kill me, Kill me please] as stated on my statement to Texas Ranger Pacheco.

10. I believe that it was by the gun shot wounds he received at his.

house by Ricardo Ramos and by the one on back of the truck, that Jessie Warren said what he did. I only did what he (Jessie Warren) asked me to do. No one ordered me to shoot Jessie Warren, not Ismael Diaz, Jr., or Raul Soto. I Gerardo Lopez am solely responsible for the Death of Jessie Ray Warren, and no one else. I was the one that took Jessie's life at the end, not Raul Soto, as I had stated. That's why I took the Murder Charge.

11. When all this happen it was during the 1996 Elections and since the Diaz were helping the Ben Perez Campaign, they had us all "Locked-Up In Ad Segs" to desert the Diaz's from the Campaign. It was all for Political reasons. Even thou they were not responsible for the Death of Jessie Ray Warren.

12. The D.A. Mr. Heriberto Silva, told me to put all blame on Ismael Diaz, Jr., and he would not seek the Death Penalty on me. My Court Appointed Lawyer by the name of Jose Luis Ramos, told me that Mr. Heriberto Silva had also told him (Ramos) that my life was in danger, if I did not testify against Ismael Diaz, Jr., by saying that it was Ismael Diaz, Jr., the one responsible for the death of Jessie Ray Warren. Mr. Jose Luis Ramos said "Jerry They Want To Kill You" meaning the State. These words came to him (Ramos) by the D.A. Heriberto Silva. I had been Kidnapped and threaten by Death, not only by Juan Saenz and his people, but also by the Starr County District Attorney Heriberto Silva.

13. I had said that it was Raul Soto who had killed Jessie Warren, for I was afraid for my life, for I was being told that I could get the Death Penalty for this crime. Also not to mention Ricardo Ramos so that they would not get to my family and I was being told to lie against Ismael Diaz, Jr.,

in order to save my life. For I was manipulated and under alot of duress from the D.A. Mr. Heriberto Silva and my Court Appointed Attorney Jose Luis Ramos. For they had put it to me "Very Clearly" that if I did not testify against Ismael Diaz, Jr., I would get the 'Death Penalty'!

14. Even thou I feel I am responsible for the Death of Jessie Warren, I only accepted a "30 year Sentence" because the D.A. Mr. Heriberto Silva, said that by testifing against Ismael Diaz, Jr., that would "ONLY" be what would save my life.

15. Now in another occasion in 1998, (Salome Sanchez, Trial) I was bench warrented to Starr County to supposedly testify agaist Mr. Salome Sanchez. "The Threats Continued." The D.A. Mr. Heriberto Silva had me pulled out from the Ad-seg cell they had me in and told me that "I had to testify against Salome Sanchez and if I didn't, that I would return to T.D.C. with a life sentence, just like Ismael Diaz, Jr..". I did not do it, I could not and I refuse to lie and help the D.A. Mr. Heriberto Silva, put more innocent people in prison, more over this resulted with Salome Sanchez, getting acquitted, which was the right thing.

16. No more can Mr. Silva (D.A.) and Mr. Ramos (Atty) put fear into me for I have repent, openly, to God. For my sins-deeds. And I do this to clear my conscience for my lying and wrong I have done against Raul Soto and Ismael Diaz, Jr., and there families and that of Jessie Ray Warren, for I have nothing to gain in lying for or against any of this people. I have only my eternal life to gain by telling the truth, which sets my soul free of guilt, for God has shown me that in John 8:32 of my Holy Bible tells that the truth will set you free.

17. For the last time, Ismael Diaz, Jr., and Raul Soto had nothing to do with the death of Jessie Ray Warren. It is "I who am responsible for taking his life." Not Ismael Diaz, Jr., or Raul Soto.

18. I pray that by this Affidavit, that the right people will see all the truth of what really happen that day of Feb 17, 1996. I had blamed Raul Soto of killing Jessie Ray Warren for fear of my life, and also blamed Ismael Diaz, Jr., only because "I Was Told To Do So," by the Starr County District Attorney Heriberto Silva and my Court Appointed Attorney Jose Luis Ramos. I want to clear my conscious by telling the truth and my prayer is that someday Ismael Diaz, Jr., and Raul Soto, could find it in their hearts to forgive me, for the blame put on them of which it was not.

A copy of this Affidavit I have forwarded to the Ismael Diaz, Sr. Family. I pray that they too, may forgive me for what I have done to the life of their son and theirs.

I Gerardo Lopez, T.D.C.J.-I.D. No. 779146 being presently incarcerated in the Alfred D. Hughes Unit in Coryell County, Texas. I Declare Under Penalty of Perjury that the Forgoing is True and Correct.

Respectfully Submitted this 22nd day of October, 2009

Sincerly,

Gerardo Lopez
T.D.C. No. 779146
A.D. Hughes Unit
Rt. 2 Box 4400
Gatesville, Tx. 76597

6 of 6

13

## IV.

SEE NEW TRIAL ART 40.001. There are four requirements for obtaining new trial on newly discovered evidence: Evidence was unknown to movant-defendant at time of trial; failure to discover evidence was not due to movants want of diligence; evidence is admissible and not merely cumulative, collateral or impeaching; [and evidance is probably true and will probably bring about different result on another trial].

## V.

Court of Criminal Appeals must necessarily weight exculpatory evidence against evidance of guilt abused at trial when evaluating Art 40.001 claim, that newly discovered or **available evidence proves** Defenffant's to be innocent of the crime for which he was convicted, as Court's Task in evaluating such claim is to assess probable impact of newly available upon persuasiveness on state's cause as whole. In which despite Applicant's counsel's Brady Motion. Joe James Sawyer, counsel in trial denied Applicant's a fair trial within the meaning of Sixth, Fourteeth Amendment to the Constitution of the United States, refused to raise valiable evidence were available during trial as Applicant's will address next.

## VII.

This witness, the only witness, Yolanda Sanchez, testified against Applicant and sought to blame the Applicant for the killing. Counsel in trial asked her directly, she denied her testimony would benefit her husband, Salome Sanchez, a co-defendant in the cause. In fact on such information and belief, of the leniency, for exchange her inculpatory

4

leniency's for the conviction of "Keko", Salome Sanchez, did not received a fiften years **plea bargain sentence** to murder as the direct result of his wife's **inculpatory testimony**. [Salome Sanchez, was given an acquittal for his wife's credible inculpatory testimony]. The fact of this benefit would have greatly impeached the wife's credibility. There **is** evidence that **D.A.**, **Heriberto Silva** gave witnes a **non-credible** story about how Yolanda Sanchez, should testify before the jury to accuse Applicant. Mr.Heriberto Silva, D.A. in this cause and Applicant's counsel in trial denied Applicant a fair trial within the meaning of the 6th Amendment of the Constitution of the United States. The Rule provides that certain statements are not excluded by the **hearsay** rule when the declarant is unavailable. The first of those provisions relied on by the Government is Fed.R.Evid. 804(b)(3), which codifies the "statement against **interest**" exeption to the hearsay rule. It makes admissible "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary intrest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable woman in her position would not have made the statment unless she believed it to be true". Another provision of the same Rule makes admissible " a statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court makes certain determinations regarding materiality, probative value, need for the evidence, and the interests of justice. Fed.R.Evid. 804(b)(5). The statement here fails to pass the test of "having equivalent guarantees of trustworthiness" An Example of this wrongfulness doing is set forth in Exhibit "E" attached hereto and fully incorporated herein as it set out fully at length.

5

15

## VIII.

Applicant's appellant counsel did not rais such evidance in truth of the assertions contained in the fact, and thus an **affidavit** of witness did exists and was admissible during trial. It's in Exhibit "E". Joe James Sawyer counsel in trial denied Applicant's a fair trial within the meaning of Fifth.,Sixth.,and Fourteeth Amendment to the Constitution of the United States. Applicant's wife and his two sisters, Norma D. Garza, Maricruz D. Cantu, reveal counsel of trial the pleans of **"perjury prosecutor"** was using against Ismael Diaz,Jr. A **fact** from the prosecutor Heriberto Silva's, approched [**Yolanda Diaz**, **maricruz Cantu**, and **Norma Garza**, offering Applicant's wife, the promise of **leniency**]. "Yolanda i will give your husband the promise of **leniency**, if you will get up on the jury stand and testify befor the jury what i tell you to say, in exchange for the convicts ion of "Keko" and his brother "Ubaldo". Prosecutor, Heriberto Silva., D.A., confused Applicant's wife with co-defendant's wife who is also name, Yolanda. Prosecuter's "plean's kept dening **Applicant's a fair trial"**. Under FRAUD SEE Article 38.10(a), Code of Criminal Procedure. Joe James Sawyer, failure by an accused to call the accused's spouse as a witness, where othere evidence indicates that the spouse and two sisters of Applicat's could testify to relevant matters, is a proper subject of comment by counsel Art 38.10(b)(2) and Amendment VI. Applicant's counsel in refuse to raise such evidance were available during trial. Applicant's all Constitutions to the United States were Violated. The plead bargain benefit to the co-defendant,Salome Sanchez, [deprived **Applicant's a fair trial**]. An example of this wrongfulness is set forth in Exhibit "E" attached hereto and fully incorporated herein as if set out fully at length.

6

## SWORN AFFIDAVIT

After the arrest of and prior to the conviction of my husband, Ismael Diaz, Jr., also known as "KEKO", I Yolanda Diaz, was in the Courthouse with my two (2) sister -in- Laws, Maricrus Cantu and Norma Garza, when I was approached by the District Attorney of Starr County, Texas, namely, Heriberto Silva, who requested that, we come into his office. Once we had entered his office, he said, "I will give your husband the promise of leniency, if you will get up on the jury stand and testify before the jury what I tell you to say, in exchange for the conviction of Keko and his brother Ubalde." I told him that I could not do that because Keko is my husband. He thought that I was Salome's wife who is also named, Yolanda. Salome is allegedly a co-defendant of my husband Keko.

I make this sworn affidavit freely and I am of sound mind and do attest that the contents is true.

/s/ _Yolanda Diaz_
 Yolanda Diaz

## Notary

Came on before me this the __21TH__ day of __Sept.__, 1998, to wit my hand and seal of office, the affiant, Yolanda Diaz, affirming that the above is true and correct.



**SEAL**

E. DOUGHERTY
Notary Public
State of Texas
My Comm. Exp. 10-25-98

_E. DOUGHERTY_
Notary Printed Name

_____
Notary Signature

10-25-98
My Commission Expires
On:

## IX.

The Applicant discovered, after trial, that the law enforcement as late as the fall of 1996, went to Camargo Tamaulipas, with the Comandante Municipal, requesting permission to meet with Raul soto, in such meeting, Raul Sot, a co-defendant herein gave exculpatory testimony to law enforcement, [Sheriff Gen, Falcon; D.A., Heriberto Silva; Texas Ranger., Pacheco; and Investigater., Mr.Flores, from Starr County, Texas], and there is a tape were the testimony was recorded, by interview reporter, it will Despite Art 40.001 of the Texas Code of Criminal Procedure, such testimony was never offered to the defense. [It is clearly revealed how Mr. D.A. Heriberto Silva's and Texas Ranger., Mr. Pacheco; Investigater and the Sheriff, wre all under the same Conspiracy of the violation of " THE UNITED STATE OF AMERICA CONSTITUTIONAL RIGHT'S", to get Applicant's out the sheriff's way, or an Mr. Ban Perez., Campaign, against ex-sheriff Falcon]. It is in the recanting of Mr. Gerardo "Jerry" Lopez, in exhibit "D" his now making [a] freely confession, under his new convertion as a Jesus follower; now its being revealed to this Hon: Court. Sheriff Gen Falcon; Mr. D.A. Heriberto Silva's; Texas Ranger., Pacheco; Investigater., Mr. Flores: Violated the due process violation under Brady, evidence was suppressed evidence was favorable to the defense. violation of the U.S.C.A. Const. Amend.5. And Due Process is violated when Prosecution witholds material evidence faverable to defense U.S.C.A. Const. Amend.14. Raul Soto's affidavit is attached hereto as Exhibit "F" and fully incorporated herein as if set out fully in length.

## X.

Applicant's asserts that the Eighth and Fourteenth Amendment to the

7

ESTADO DE _____ }

CONDADO DE _____ }

## DECLARACION JURADA

Mi nombre es Raul Soto. Yo soy uno de los demandados en el caso numbero 96-CR-170, El Estado de Tejas contra Ismael Diaz, Jr., et al. Yo me encontre con los oficiales de la ley tocante al caso en el verano o otonio de mil nove sientos noventa y seis. A ese tiempo les dija que Jerry Garcia era la persona que asesino a Jessie Warren y que Ismael Diaz, Jr. no tenia nada que ver con el asesinato.

_Raul R. Soto G_
_GUERRERO_
**Raul Soto**

Suscrito y declarado bajo juramento en esta el TRES dia de marzo , 19 97 .

_Notario Publico_ 112
LIC. OSCAR MARIO HINOJOSA GARCIA.=



EL C. LIC. OSCAR MARIO HINJOSA GARCIA NOTARIO PUBLICO CIENTO DOCE CON EJERCICIO EN MIGUEL ALEMAN TAMAULIPAS CERTIFICA Y=== HACE CONSTAR:=======================================================
============QUE FUE PRESENTE EN ESTA NOTARIA A MI CARGO ==== EL SEÑOR RAUL RENE SOTO GUERRERO QUIEN NACIO EL DIA DIECI=== SEIS DE DICIEMBRE DE MIL NOVECIENTOS SETENTA Y DOS ========== EN SALINEÑO TEXAS Y EXHIBE SU CERTIFICADO DE NACIMIENTO ======= PARA MAYOR SEGURIDAD DE SU IDENTIFICACION LE PREGUNTE POR LOS NOMBRES DE SUS PADRES Y LOS HERMANOSDE SU MADRE A QUIENES CONOSCO PERSONALMENTE: RAUL SOTO GUERRERO RATIFICA EL ESCRITO QUE === APARECE EN LA PARTE SUPERIOR Y PONE FIRMA DE SU PUÑO Y ======= LETRA Y MANFIESTA QUE ES CIERTO QUE EN EL VERANO U OTOÑO DE MIL NOVECIENTOS NOVENTA Y SEIS SE ENCONTRO CON OFICIALES DE LA LEY A QUIENES LES DIJO: QUE JERRY GARCIA ERA LA PERSONA QUE ASESINO A JESSIE WARREN Y QUE ISMAEL DIAZ JR NADA TENIA QUE VER CON EL ASESINATO.

AL REVERSO

LO QUE CERTIFICO Y HAGO CONSTAR HOY TRES DE MARZO DE MIL NOVE-
CIENTOS NOVENTA Y SIETE.= BAJO CERTIFICACION NO.! _11. 83V_
DOY FE.================================================================

EL DECLARANTE ESTAMPA SU HUELLA DIGITAL.= DOY FE.================

LIC! OSCAR MARIO HINOJOSA GARCIA
NOTARIO PUBLICO    CIENTO DOCE.
PINO SUAREZ  263 4 y 5
      igo 410714

LIC. OSCAR ......
NOTARIO PUBLICO ...
Cd. Miguel Aleman, ...

20

United States Constitution prohibit the execution od a person who is innocent of the crime for which he was convicted. this proposition has an elemental appeal, as would the similiar proposition that Constitution prohibits the imprisoment of one who is innocent of the crime for which he was convicted after all, the central purpose of any system of criminal justice is to convict the guilty and free the innocent, under Art 40.001.

## XI.

After trial, the Applicant's discovered that co-defendant Raul Soto, gave a tape interview to a reporter too. That reporter will testify in support of the Article 40.001 of the Texas Code of Criminal Procedure provides a "NEW TRIAL" with such reporters tape recorded will exculpate, Petitioners, Newly Available Evidence will show Art 40.001 the Applicant's to be innocent of the crime for which he was convicted such testimony was never OFFERED TO THE DEFENSE [a] Brady violation SEE Exhibit "F"

## XII.

NEW TRIAL ARTICLE 40.001. There are requirements for obtaining new trial based on newly discovered evidence was unknown to movant-defendant at time of trial; failure to discover evidence was not due to movant's want of diligence; evidence is admissible and not merely comulative, corrobative, collateral or impeaching; and evidence is probably true and will probably bring about different result on another trial.

## XIII.

The Applicant was convicted of Capital Murder by a jury on January 23,

38

1997. Applicant's counsel filed a <u>Brady</u> Motion, on direct appeal, Applicant's counsel Joe James Sawyer, fail to raise during trial vallable evidance were available to Applicant's. Newly discovered evidence of whereabouts of <u>alibi</u> witness for unadjudicated extraneous murder, which during punishment phase state argued Applicant committed, did not warrant new trial; counsel did not show that whereabouts of witness were unavailable to him at time of trial, and Applicant's counsel was on notice that <u>state intended</u> to introduce evidence of unadjudicated extraneous murder, but Applicant's counsel, did not exercise diligence in obtaining witness's testimony. And Applicant's appellant counsel, fail to raise such valible evidence too. In direct appeal such evidance that would of proved the <u>Brady</u> Motion, on a newly discover evidance the facts of Applicant's Constitutional error for [a] wrongfulness conviction that results from a Comstitutional error-free trial is entitled to the <u>greatest</u> for Article 40.001 in the Texas Code of Criminal Procedure claim of innocence based newly discover evidance. <u>and</u> evidance were available, Applicant's counsel of diligence in obtaining witness's testimony. Exhibit "G" attached hereto and fully incorporated herein as if set out fully at length.

## XIV.

For each of the foregoing reasons, the Applicant herein prays that this Honorable Court's grant Applicant's new trial in this cause under Article 40.001.

Respetfully submitted

Ismael Diaz, Jr.,
TDCJ No. 773609
Ferguson Unit
12120 Savage Drive
Midway, Texas 75852

Applicant Pro-se

22

Exhibit "G"

CAUSE NO. 96-CR-170

| THE STATE OF TEXAS | * | IN THE 229TH JUDICIAL |
| VS | * | DISTRICT COURT |
| ISMAEL DIAZ, JR. | * | STARR COUNTY, TEXAS |

### JUDGEMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT FIXED BY THE JURY

| | |
|---|---|
| JUDGE PRESIDING: | NORMAN LANSFORD |
| DATE OF JUDGEMENT: | JANUARY 23, 1997 |
| ATTORNEY FOR THE STATE: | HERIBERTO SILVA<br>G. DALE GEAR, JR. |
| ATTORNEY FOR THE DEFENDANT: | JOE JAMES SAWYER |
| OFFENSE: | CAPITAL MURDER |
| CONVICTED OF: | CAPITAL MURDER |
| DEGREE: | CAPITAL |
| DATE OFFENSE COMMITTED: | FEBRUARY 17, 1996 |
| CHARGING INSTRUMENT: | INDICTMENT |
| PLEA: | NOT GUILTY |
| JURY VERDICT: | GUILTY |
| FOREMAN: | CYNTHIA AREVALO |
| PLEA TO ENHANCEMENT PARAGRAPH: | N/A |
| PUNISHMENT ASSESSED BY: | JURY |
| PUNISHMENT AND PLACE OF CONFINEMENT: | Life in the Texas Department of Criminal Justice Instituitional Division. |
| FINDINGS ON USE OF DEADLY WEAPON: | AFFIRMATIVE-A FIREARM |
| DATE TO COMMENCE: | JANUARY 23, 1997 |

23

DATE PLACED ON PROBATION:          N/A

TERM OF PROBATION:                 N/A


TIME CREDITED :                    NONE

TOTAL AMOUNT OF RESTITUTION/
REPARATION:                        N/A

FINE:                              N/A

COSTS:                             $_____

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of Capital Murder, and this cause being this day called for trial, the State appeared by her District Attorney, Heriberto Silva and Assistant District Attorney, G. Dale Gear, Jr. and the Defendant, Ismael Diaz, Jr., appeared in person and by the Counsel, Joe James Sawyer, and both parties announced ready for trial, and the Defendant was arraigned, and in open court plead NOT GUILTY to the charge contained in the indictment. Thereupon a jury composed of Cynthia Arevalo, and eleven others was selected, impanelled, and sworn; and after hearing the indictment read, the Defendant's plea of NOT GUILTY thereto, and the evidence submitted; and after having been charged by the Court as to their duty to determine the guilt or innocence of the Defendant; and after hearing the arguments of counsel, they retired in charge of the proper officer and returned into open court on the 23rd day of January, 1997 in the following verdict, which was received by the Court and is here entered of record upon the minutes:

"We, the jury, find the Defendant Guilty of Capital Murder, as charged in the indictment.

                    /s/ CYNTHIA AREVALO
                    FOREMAN OF THE JURY

The Death Penalty was waived by the State of Texas before commencement of trial and pursuant to Texas Code of Criminal Procedure Article 37.071, Section 1, sentence was pronounced by the Court.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUGED by the Court that the Defendant is guilty of the offense of Capital Murder, a Capital offense, and that the Defendant be punished by confinement in the Texas Department of Criminal Justice Institutional Division for Life, and that the State of Texas do have and recover of the Defendant all costs of prosecution, for which execution will issue.

The Court then proceeded to pronounce the sentence of law according to the judgement rendered and the Defendant was asked by

24

the Court whether the Defendant had anything to say why sentence should not be pronounced, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce the sentence as follows, to-wit: " It is the order of the Court that the Defendant Ismael Diaz, Jr., who has been adjudged guilty of the offense of Capital Murder, and whose punishment has been assessed at confinement in the Texas Department of Criminal Justice Institutional Division for Life, be delivered by the Sheriff of Starr County, Texas immediately to the Director of the Texas Department of Criminal Justice Institutional Division or other person legally authorized to receive such convicts, and the Defendant shall be confined in said penitentiary for a term of Life in accordance with the provisions of the law governing the Texas Department of Criminal Justice Institutional Division.

The Defendant is given jail credit for -0- days and is remanded to jail in the custody of the Sheriff to await further orders of this Court.

SIGNED on this the 23d day of January, 1997.

Notice of Appeal:_____

_____
JUDGE PRESIDING

AT ___ FILED ___ O'CLOCK ___ M

JAN 2 3 1997

DISTRICT CLERK. STARR CO. T

RECORDED IN VOLUME 84 PAGE: 3666/3668

## INMATE'S DECLARATION

STATE OF TEXAS
COUNTY OF MEDISON

I, ISMAEL DIAZ, JR., BEING PRESENTLY INCARCERATED IN FERGUSON INSTITUTION, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARTICLE 40.001 OF THE TEXAS CODE OF CRIMINAL PROCEDURE ARE TRUE AND CORRECT.

On this 25th day of December A.D. 2012.
            (SIGNER)

_____
Signature of Applicant

ART 40.001

27

CAUSE NO. <u>96-CR-170</u>

_Exh D_

ISMAEL DIAZ,JR.,                    §
                                    §          IN THE 229th JUDICIAL
V.                                  §          DISTRICT COURT OF
                                    §          STARR COUNTY TEXAS
THE STATE OF TEXAS                  §

## MOTION REQUESTING AN INCAMERA

## INSPECTION (ORAL)

## <u>FOR BRADY MATERIAL EVIDENCE</u>

TO THE HONORABLE JUDGE  ANA GARZA,L., OF SAID COURT.,

Comes Now,ISMAEL DIAZ,JR., Pro se#00773609, and respectfuly request

for this Honorable Court to move for (ORAL) InCamera inspection of a direct

source (District Attorney's file) Seeking <u>Brady</u> Material.


Movant moves this Honorable. Court for (oral) InCamera inspection to

determine whether the District Attorney's file £source• in the Case THE

STATE OF TEXAS VS. ISMAEL DIAZ,JR., contains <u>Brady</u> Material. Movant refers

this Honorable Court to UNITED STATES V. Lawder,148 F3d 548-551(5th Cir.

1998) in that a defendant seeking merely an " in camera inspection " to

determine whether a particular source (D.A'S file) contains <u>Brady</u> Material

need only make a plausible showing that the file will produce material

evidence'".

In so stating Movant makes a plausible showing this Motion for New

Trial Based On Newly Discovered Evidence [Exhibit "A" to "G"] thus meeting

the requirement to be granted an InCamera Inspection by the 229th Judicial

1

District Court., Starr Couty,Texas.

Movant moves to have the Honorable 229th Judicial District Court to ORDER Movant Benched Warranted before it for an ORAL InCamera Insection.

## JURISDICTON OF THE COURT

The Honorable 229th District Court retains Jurisdiction Pursuant to Texas Code of Criminal Procedures 40.001, in that Movant's Conviction and sentence falls under the 229th Judicial District Jurisdiction in THE STATE OF TEXAS VS. ISMAEL DIAZ,JR.,Feburary 1996, in Starr County,Texas.

## MATERIAL EVIDENCE

Exhibit "A"--As it have being revealed to this Hon:Court and District Hon: Judge how Mr.D.A. Heriberto Silva's kept treating Mr.Gerardo Lopez, if he did not testify against Defendant, he will seek co-defendant the Death Penalty.[ Under the Fith Amendment, a confession must be free and voluntary]. That is, it must not be extracted by any sort of threat or violence, nor abtained by any direct or malied promises, however slight, nor be the exertion of any improper influence violating on of the United State of America Const. Amend.5 and 14.

Exhibit "B"-- To this Hon:Court and Hon:Judge., its clearly revealed the fact of the violation of Mr.D.A. Heriberto Silva's all behined him wanted "EL KEKO" behined political issues.It is (stated and revealed by Mr. Heriberto Silva)how he violated the UNITED STATE OF AMERICA CONSTITUTIONAL'S 5th,6th, 8th, and 14th Amendments.

Exhibit "C"-- Once again it's in black and white, fully incorporated herein as if set out fully at length, from Mr. Heriberto Silva "under

2

Perjury"., and [' Gerardo "Jerry" Lopez's recant's was out to the whole VALLEY throughout "THE MONITOR" Global Media, Confessing his crime, in Rio Grande Valley, November A.D. 2009. Confessing how the D.A. gave witnes a non-credible story, befor the jury under "perjury" to acuse Applicant of a extraneus murder.[ A Conviction that results from a Constitutional error-free trial is entitled to the greatest, and thus, when a habeas Applicant's asserts Article 40.001] Applellant Contends, Gerardo "Jerry" Lopez's Confessions were involuntary in the fifth Amendment sense, under the Fifth Amendment a Confession must be free and voluntary, that is, it must no be Extracted by any sort of threat or violence ( nor obtained by any direct or implied Promises, however slight, nor by the exertion of any improper Influence]. U.S.C.A. Const. Amend.5.

Exhibit "D"-- Gerardo "Jerry" Lopez's is now in his free and voluntary confession under his free will with his heavy burden wantes to confess the truth, Gerardo Lopez became a new born Christion now he fels his wrong doing by lieing,and he whants to save his life as a follower of Jesus. And have used numerous of channels to confessed his crim.Herein we clearly see he send an AFFIDAVIT to Mr. Greg Abbott.,Attorney General a six page confession with every thing how all this happened.Gerardo Lopez,did Confessed his crime to [F.B.I agents and to the Texas Ranger.,Pacheco; and Investigator Flores] and [was indicted on Capital Murder Charges[!] ].Mr.DA kept his threats and promises,[gave co-defendant,a 30 year sentence for exchanging Lopez's confession to give inculpaed testimony, and D.A. wouldn't seek the Death Penalty on co-defendant's].[All this was don to keep ISMAEL DIAZ,JR., "EL KEKO" away from the campaign of against the campaign of Ex-shariff Gen Falcon].It's all in his confession. The Defendant .Mr.Heriberto Silva's dose not have a right under State Constitution's due Course of law provision to enforce plea bargain which has been withdrawn prior to set time for expirat-

3

30

ion of the offer as due Course of law Clause of State Constitution has been equated and deemed synonymous with the guarante of due process under the Fourteenth Amendment.U.S.C.A. Const.Amed.14.

Exhibit"E"-- Mr.D.A. Heriberto Silva's, Confused Applicant's [W]ife with co-defendant's wife who is also name, Yolanda. Prosecuter's "PLEA"S KEPT DENING APPLICANT'S A FAIR TRIAL". Under fraud see Article 38.10(a), Code of Criminal Procedure. Joe James Sawyer, failure by an accused to call the accused's spouse as a witness, where othere evidence indicates that the spouse and two sisters of Applicant's could testify to relevant matters,is a proper subject of comment by counsel Art 38.10(b)(2) and Amendment VI. SEE page#6 #"VIII, how Mr.D.A.Confused Applican't wife and approched them giving Applicant's wife [a] promise of leniency.'When State Court admits evidence that is so unduly prejudical that is renders trial fundamentally unfair''',Due Process Clause of Fourteenth Amendment Provides Mechanism for relief U.S.C.A. Amend.14.

Exhibit "F"-- THE UNITED STATES OF AMERICA CONSTITUTIONAL RIGHT'S. UNDER XIV.AMENDMENT.,(States). All Persons born or naturlized in the United States, and subject to the juridiction thereof, are Citizens of the United States and of the "State wherein they/He reside". No State shall make or any law which shall abridge the privileges or immunities of Citizens of the United States; nor shall any state derprive any person of life, liberty, without due process of law; nor to any person within its Jurisdiction. Const. Amend. XIV. Federal Constitution forbids government from **withholding evidence** favorable to the Accused or useful for impeachment of witness who testified against Accused, and suppression of evidence favorable to "Acused **requires reversal under Brady**", if there is reasonable probability that, had evidence been **"disclosed"** to defense,result would have been different. For purposes of Brady Claim improper withholding of exculpatory,evidence,"were

4

available befor and or during trial" is "material evidence" only if there is reasonable probabilty that, had evidence been **disclosed**, result of **Proceeding** would have been different,U.S.C.A. Amend.5,14.

Exhibit "G"--[Applicant] has revealed this Hon: Courts and Hon: Judge. ,through clear and convincing evidence, that [the newly discovered evidence and or evidence **were** available during or befor trial], superimposed over the "**weak inculpatory evidence**" at his trial.and would of change the verdict on such trial. Applicant's asserts that the Eighth and Fourteenth Amendment,to the United States Constitution prohibit the execution of a person who is innocent of the crime for which he was convicted. This proposition has an elemental appeal, as would the similiar proposition that Constitution Prohibits the imprisoment of one who is innocent of the crime for which he was convicted after all, the central purpose of any system of criminal justice is to convict the **guilty** and **free** the **innocent**, under Art 40.001. THE UNITED STATES OF AMERICA CONSTITUTION RIGHT'S, were violated by Mr.D.A., and or law enforcement's violating U.S.C.A. Const.Amend. $5^{th},6^{th},8^{th}$, and 14th. "That by such clear newly Discovered Evidence and once were Available no juror would have convicted Applicant's in light in such evidence!".

The suppressed Marterial Evidence is Brady Material which would have had an **important impach** on movant's **guilt phase** of the trial had the District Attorney disclosed it to both the Honorable 229th Court and Movant's Counsel who would have prepared an **effective trial** strategy based upon said undisclosed Brady Material

Executed this 25th day of December A.D. 2012.

Ismael Diaz, Jr.
12120 Savage Drive
Midway,Texas 75852
Pro-se#00773609

5                                    5

32

Movant Prays that this Honorable Court GRANT this Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence.

Exacuted this 25th day of December A.D. 2012.

Ismael Diaz,Jr.,
12120 Savage Drive
Midway,Texas 75852
Pro-se#00773609

CAUAE NO. 96-CR-170

| STATE OF TEXAS | § | IN THE 229th DISTRICT |
| COUNTY OF MADISON | § | COURT OF |
| | § | STARR COUNTY, TEXAS |

## UNSWORN TO DECLARATION
## IN SUPPORT THEREOF

"Pursuant to both Federal law 28 USC § 1746 and State law Civil Practice §§ 132.001-132.003, an Incarcerated Citizen of the State of Texas Under felony may utilize an unsworn to declaration in place of sworn to declartion. I,Ismael Diaz,Jr.,declare under Penalty of Perjury that the Motion for New Trial based on Newly Discovered Evidence and said unsworn to declaration are true and correct".

Executed this 25th day of December A.D. 2012.

Ismael Diaz,Jr.,
12120 Savage Drive
Midway,Texas 75852
Pro-se 00773609

## PRAYER

Movant Pray that this Honorable Court GRANT Movant's Motion for New Trial Based on Newly Discovered Evidance reverse and reman to the 229th Disric Court for trial.

Executed this 25th day of December A.D. 2012.

Ismael Diaz,Jr.

6

33

## CERTIFICATE OF SERVICE

I, ISMAEL DIAZ,JR, de hereby Certify that a true and correct copy of the above and foregoing Defendant's Motion for Bench Warrant and Order have been forwarded by United States Mail, Postage prepaid, first class to the D.A. Heriberto Silva, presecuting Attorney for STARR COUNTY, TEXAS, STARR COUNTY COURTHOUSE, RIO GRANDE CITY,TEXAS 78582, on this 25th day of December,2012.

Defendant, Pro se
Ismael Diaz,Jr.,
TDCJ No.773609
Ferguson Unit
12120 Savage Drive
Midway,Texas 75852

34

CAUSE NO. 96--CR--170

THE STATE OF TEXAS                 §
                                   §        IN THE 229th Judicial
V.                                 §        DISTRICT COURT OF
                                   §        STARR COUNTY, TEXAS
ISMAEL DIAZ, JR.                   §

## MOTION FOR BENCH WARRANT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, ISMAEL DIAZ, JR., (Petitioner) in the above styled and Cause numbered and states:

My name is Ismael Diaz, Jr, (Petitioner), my Offenders Number is : 773609. I am competent to make this Affidavit. I am presently incarcerated in the Ferguson Unit located at MADISON COUNTY, in Midway, Texas. I request the Court to issue a warrant from the Bench Ordering the Sheriff of STARR COUNTY, to transport me to this Court for hearing in this matter so that I may give Testimony.

## PRAYER

Petitioner respectfuly prays that this court grant this motion and order the Sheriff of STARR COUNTY, to transport petitioner to the hearing of this cause.

Respectfully submitted

Ismael Diaz #773609
12120 Savage Drive
Midway, Tx, 75852
Petitioner Pro se

35

CAUSE NO. 96--CR--170

THE STATE OF TEXAS                    §
                                      §                              COURT
V.                                    §              IN AND FOR
ISMAEL DIAZ, JR.,                     §              DISTRICT COURT, TEXAS
        Defendant.                    §

## ORDER

On this the ____ day of _____, 2013, came on to be heard the Defendant's Request for Bench warrant and after due consideration of the same it is,

ORDERED that the Defendant's request for a hearing is ( GRANTED / DENIED ); and that said cause is set for hearing on the ____ day of _____ , _____ ; and it is further;

ORDERED that the Defendant's request for bench warrant is (GRANTED / DENIED ) ; and the Clerk of the Court is to notify said Defendant regarding the Bench Warrant of the Defendant to this Court for said trial.


                                      _____
                                      JUDGE PRESIDING


36

| | | |
|---|---|---|
| ISMAEL DIAZ,JR., | § | IN THE CRIMINAL COURTS |
| Relator, | § | OF APPEALS OF TEXAS |
| V. | § | P.O.BOX 12308 |
| LOUISE PEARSON,District Clerk., | § | CAPITOL STATION |
| Respondent. | § | AUSTIN,TEXAS 78711 |

## HISTORY OF THE CASE

On December 25th 2012,Ismael Diaz,Jr (Relator) mailed to the Starr County District Clerk's office two (2) Motions requesting them to be filed with the Honorable 229th District Court.[ See Relator's EXHIBIT **A**] and in the top right corner you be able to see attached the certified # 7010 3090 0002 9154 3903 that (RELATOR) did certified His mail. The first motion is filed **MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE** [EXHIBIT **B**] Relator relied upon Texas Code of Criminal Procedure Art.40.001, in that, once He had prepared and typed the motion (40.001); Relator, on December 25th 2012, (Pre-Pay) His Postige via certified with a reterned receip; Wnere was signea in January 2nd 3013,by Angey Reyes, in Starr County Courthouse [EXHIBIT **C**] maild said motion to the Honorable District Clerk, Eloy R. Garcia, addressed 401 N. Britton Ave. Rio Grande City,Texas 78582, requesting that said motion be filed with the 229th District Court.

Also mailed to the District Clerk, for filing, **Motion Requesting An InCamera Inspection (Oral) For Brady Material Evidence**[EXHIBIT **D**]

Included with the legal Correspondence Package was a letter motion to the Honorable Judge Ana L. Garza., Presiding Judge of the 229th District Court [EXHIBIT **A**]. Informing Her that I had mailed to the District Clerk the two (2) Motion's for filing in Her Court. The letter put Court on Notice that I was filing **Motion For New Trial Based Upon Newly Discovered Evidence** [Tex,CODE CRIM PTOC.ART.40.001] and **Motion Requesting An InCamera Inspectin (Oral) For Brady Material Evidance**. Again this letter was mailed on December 25th 2012, via certified mail returned receip [EXHIBIT **C**]

I send a letter to Honorable Omar Escobar District Attorney Starr County Courthouse 401 N. Britton Ave Rio Grande City,Texas 78582. April 2nd 2013, informing Him I've send two (2) letters to the Honorable District Clerk Eloy. R. Garcia requesting the states of my case on Newly Discovered Evidance Art.40.001 (?) Yet Relator had no respond from them [EXHIBIT **B**]

EXECUTED THIS 29TH DAY
OF DECEMBER 2014.


VIA:CERTIFIED RECEIP# 7010 3090 0002 9154 3491


RESPECFULLY SUBMITTED

ISMAEL DIAZ,JR#773609
FERGUSON UNIT
12120 SAVAGE DRIVE
MIDWAY,TEXAS 75852
PRO SE#00773609


C                              pG.2.